THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                ) | |
|          **Plaintiff,**              ) | |
|                                ) | |
| v.                               ) | Case No. CR-01-181-R-2 |
|                                ) | |
| **JASON TODD DAVIS,**             ) | |
|                                ) | |
|          **Defendant.**            ) | |

## **ORDER**

Defendant Jason Todd Davis is currently serving a 480-month sentence of imprisonment for various offenses related to a conspiracy to possess and distribute PCP. Now before the Court is Defendant's pro se Motion for Compassionate Release seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 1194]. The government responded in opposition [Doc. No. 1196] and Defendant replied [Doc. No. 1199].

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "th[at] rule of finality is subject to a few narrow exceptions," including § 3582(c)(1)'s "compassionate release" mechanism. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). To pursue a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must first exhaust his administrative remedies:

> [U]pon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . [a district court]

may reduce a term of imprisonment . . . ."

18 U.S.C. § 3582(c)(1)(A); *see also United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021) ("Section 3582(c)(1)(A) requires exhaustion before a court may consider a motion for compassionate release."). This exhaustion requirement is a "mandatory claim-processing rule" that must be enforced when invoked by the government. *Hemmelgarn*, 15 F.4th at 1030.

To show that he administratively exhausted his claim, Defendant asserts in his reply brief that the filed a request with the warden of his facility several months before filing his motion but never received a response. Defendant has also included an email to the warden dated July 22, 2024 stating that he sent a request and never received a response. However, the government represents that the Bureau of Prisons has no record of any request being sent to the warden. The Court finds that the email submitted by Defendant, which post-dates both the filing of his motion and the government's response brief, is not adequate evidence that Defendant properly submitted his request to the warden. Defendant has not provided copies of communications or documents showing that he submitted a request to the warden more than thirty days prior to filing of his motion, as required by § 3582(c)(1)(A). Accordingly, Defendant has not shown that he fully exhausted his administrative remedies and the Court lacks jurisdiction to resolve his motion.

But even if Defendant had fully exhausted his administrative rights, the Court would nevertheless find that the motion fails on the merits. The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court

may reduce a sentence if the defendant "meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing McGee, 992 F.3d at 1042). "If any of the requirements are lacking, the district court may deny the motion without addressing other factors." *Id*.

Here, none of the circumstances identified by Defendant, either separately or collectively, present an extraordinary and compelling reason to reduce his sentence. First, Defendant has not identified any applicable change in federal sentencing law that has produced a gross disparity between his current sentence and a sentence likely to be imposed today nor has he identified any unwarranted sentencing disparity between him and any co-defendant. *See* U.S.S.G. § 1B1.13(b)(6). Second, Defendant's complaints about the allegedly harsher conditions of confinement during the Covid-19 pandemic cannot fairly be described as extraordinary given that these same conditions were experienced by all inmates. Third, Defendant has not shown that his age or medical condition meets the requirements outlined in U.S.S.G. § 1B1.13(b)(2) to qualify as an extraordinary and compelling circumstance. Fourth, Defendant's rehabilitation efforts, although commendable, are not sufficient on their own or in combination with any other circumstance to support a finding that extraordinary and compelling circumstances are present. *Id*. at § 1B1.13(d). Last, although Defendant's desire to care for his adult son, who became paralyzed following a motorcycle accident, is certainly understandable, Defendant

has not shown that he satisfies the requirements outlined in U.S.S.G. § 1B1.13(b)(3). Under this section, "[t]he death or incapacitation of the caregiver of the…defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" qualifies as an extraordinary and compelling circumstance. However, Defendant's conclusory assertion that his mother, who is currently caring for Defendant's adult son, is getting to the point where she cannot provide care is not sufficient to show that she is incapacitated or that Defendant is the only available caregiver.

Accordingly, Defendant's Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 1194] is DISMISSED.

IT IS SO ORDERED this 13th day of August, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE